Patrick v. Northwest Airlines, Inc.    CV-00-554-JD  03/27/02
                UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


Dorothy A. Patrick

        v.                              Civil No. 00-554-JD
                                        Opinion No. 2002 DNH 067
Northwest Airlines, Inc.


                           O R D E R


     The plaintiff, Dorothy Patrick, fell while she was changing

planes at Logan Airport, in Boston, Massachusetts.  Patrick

brings three negligence claims against Northwest Airlines, Inc.,

alleging that Northwest breached its duties to maintain safe

public areas, to warn of hazards, and to provide medical

treatment to those injured.  Northwest moves for summary judgment

on the grounds that it had no control over the area where Dorothy

Patrick fell and never received notice of a defective condition

in that area.



                          Background

     Dorothy Patrick fell at the airport as she was returning

home after a trip to Nashville, Tennessee.  Her trip was part of

a Nashville tour organized by Collette Travel Service, Inc.  She

traveled by plane from Burlington, Vermont, through Logan Airport

in Boston, to Nashville, and returning from Memphis, Tennessee,

through Logan and back to Burlington.[1]

On the return trip, Patrick landed at Terminal E at Logan Airport on a Northwest flight. She then rode in an airport shuttle bus from Terminal E to Terminal C where she went to the gate to wait to board the flight to Burlington. The flight from Boston to Burlington was operated by Business Express Airlines under an arrangement with Northwest Airlines. Patrick fell and was injured while walking from the gate to board the flight to Burlington.

Patrick states in her affidavit that her itinerary, which is attached to her affidavit, showed that all of her flights were listed as Northwest Airlines flights and that no other airline was listed. Her itinerary confirms her statement. She states that her tickets, baggage tags, and claim stubs were issued by Northwest Airlines. She also states that she believed she was traveling on Northwest Airlines during the entire trip and that the airline personnel did not indicate that they were not employed by Northwest.

Northwest Airlines provides affidavits from Gordon Humpherys, Northwest's Director of Customer Service at Logan, and Daniel Hindes, Northwest's Regional Director of Airport Affairs.

---

[1]Although Patrick states in her affidavit that she flew home from Nashville, the copies of her ticket and itinerary she submitted show that she flew from Memphis.

2

Humpherys states that Patrick's flight from Logan to Burlington was not a Northwest flight. He explains that when customers purchase tickets through Northwest to fly to airports that Northwest does not serve, such as Burlington, Northwest makes arrangements for those customers to fly on another airline. Humpherys states that Northwest leases the area in Terminal E where Patrick disembarked and that Northwest employees work in Terminals D and E only. He further states that Northwest had no contact with Patrick after she left Terminal C and that Northwest was never notified that a defective condition existed in the area where Patrick says that she fell.

Hindes states that Northwest leases portions of Terminals D and E from the Massachusetts Port Authority and does not lease any other areas at Logan. He further states that when Patrick took the shuttle bus to another terminal at Logan from Terminal E, she left the area controlled by Northwest. He also states that Northwest had no control over the area where Patrick fell.

## Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

3

56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A material fact is one that "has the potential to change the outcome of the suit under the governing law" and a factual dispute is genuine if "the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party." Grant's Dairy--Me., LLC v. Comm'r of Me. Dep't of Agric., Food & Rural Res., 232 F.3d 8, 14 (1st Cir. 2000).

A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Torres v. E.I. Dupont De Nemours & Co., 219 F.3d 13, 18 (1st Cir. 2000). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999). The party with the burden of proof cannot rely on speculation or conjecture and must present "more than a mere scintilla of evidence in [his] favor." Invest Almaz v. Temple-Inland Forest Prods. Corp., 243 F.3d 57, 76 (1st Cir. 2001). An absence of evidence on a material issue weighs against the party who would bear the burden of proof at trial on that issue. See Perez v. Volvo Car Corp., 247 F.3d 303, 310 (1st Cir. 2001).

4

Patrick alleges that Northwest "had a duty of care to the business invitees that utilized the facilities at the Logan International Airport under their direct control" to maintain safe areas, to warn of any unsafe conditions, and to provide appropriate medical care to anyone using the services or facilities under Northwest's control. Northwest moves for summary judgment on the grounds that the area where Patrick fell was not under Northwest's control and that Northwest did not have notice of any unsafe condition in that area. Patrick objects, asserting that a dispute exists as to whether the area was under Northwest's control and that Northwest is vicariously liable for the negligence of others in causing her accident.

A. Control

Under Massachusetts law, liability for injury caused by the condition of commercial premises depends upon the defendant's control over the area.[2] See, e.g., Oliveri v. Mass. Bay Transp. Auth., 292 N.E.2d 863, 864-65 (Mass. 1973); Buck v. Clauson's Inn at Coonamessett, Inc., 211 N.E.2d 349, 351 (Mass. 1965) (citing Underhill v. Schactman, 151 N.E.2d 287 (1958)); see also Mounsey v. Ellard, 297 N.3.2d 43, 51 (Mass. 1973). Patrick alleged that

---

[2]The parties agree that Massachusetts substantive law is to be applied in this case.

Northwest's duty derived from its direct control over the area where she fell. Northwest asserts, based on the affidavits of Humpherys and Hindes that it did not have control over the area in Terminal C where Patrick fell.

Humpherys and Hindes establish that Northwest did not operate in Terminal C or have control over that area. Patrick contends that a disputed factual issue exists as to whether Northwest exerted control over that area because she believed, based on her itinerary and tickets, that Northwest operated the gate and the flight to Burlington. Patrick's mistaken impression as to which airline operated the gate where she fell does not create a material factual issue in this case in light of the undisputed affidavits of Humpherys and Hindes. See, e.g., Invest Almaz, 243 F.3d at 76.

B. Vicarious Liability

Alternatively, Patrick contends that Northwest is vicariously liable for the negligence of Business Express Airlines. In support of that theory, Patrick asserts that Business Express was operating as Northwest's agent in providing the flight from Logan to Burlington. Patrick's claims against Northwest, as pled in her complaint, allege only direct liability, based on Northwest's "direct control" over the area

6

where she fell.  Regardless of the merit of Patrick's vicarious liability theory, she cannot avoid summary judgment based on a claim that is not pled in her complaint.  <u>See</u> Fed. R. Civ. P. 15(a); <u>see also</u> <u>Bauchman v. West High Sch.</u>, 132 F.3d 542, 550 (10th Cir. 1997).

As no material facts remain at issue, Northwest is entitled to summary judgment.


<u>Conclusion</u>

For the foregoing reasons, the defendant's motion for summary judgment (document no. 55) is granted.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

March 27, 2002

cc:  Thomas A. Rappa, Jr., Esquire
     Gregory Brown, Esquire

7